IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SONDRA DURHAM,                       )
                                     )
            Plaintiff,               )
                                     )
       v.                            )    1:12CV1099
                                     )
NATIONAL CREDIT SYSTEMS and          )
APPLE TREE EXCELL PROP MGMT,         )
                                     )
            Defendants.              )

**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the undersigned United States Magistrate Judge on Plaintiff's Application for Leave to Proceed In Forma Pauperis (Docket Entry 1). For the reasons that follow, pauper status will be granted solely for the purpose of recommending dismissal under Federal Rule of Civil Procedure 41(b).

BACKGROUND

This case began when Plaintiff (or someone using her name) filed a pro se Complaint (Docket Entry 2) and an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Docket Entry 1). The Complaint purports to assert two claims under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (See Docket Entry 2.) Upon review of this case, the undersigned Magistrate Judge noticed that Plaintiff's IFP Application and Complaint lacked a traditional signature and, instead, appeared to feature a mere printed version of Plaintiff's name in the signature

block.  (See Docket Entry 1 at 3; Docket Entry 2 at 5.)  Indeed, the "signatures" on those documents matched the printed version of Plaintiff's name on the envelope used to convey them to the Clerk's Office.  (Compare Docket Entry 1 at 3, and Docket Entry 2 at 5, with Docket Entry 2-1 at 1.)

Moreover, the undersigned Magistrate Judge determined that the printing on Plaintiff's IFP Application, the "signatures" on the IFP Application and Complaint, and the printing on the envelope used to convey said documents, all bear significant, distinctive similarities to printing and/or "signatures" on a number of other pauper applications, complaints, and/or envelopes used to convey such documents in similar cases filed pro se in this Court, particularly as to a unique, bubble-type dot on the lower-case "i." (Compare, e.g., Docket Entry 1 at 1, 3, Docket Entry 2 at 5, and Docket Entry 2-1 at 1, with Wiggins v. Credit Mgmt., No. 1:11CV1093, Docket Entry 1 at 1-3, Docket Entry 2 at 5; Wiggins v. Firstpoint Collections Res., No. 1:12CV451, Docket Entry 1 at 1, 3, Docket Entry 2 at 9; Ferguson v. North Carolina Dep't of Health & Human Servs., No. 1:12CV493, Docket Entry 1 at 1, 3, Docket Entry 2 at 9; Golden v. Firstpoint Collection Serv., No. 1:12CV875, Docket Entry 1 at 1, 3, Docket Entry 2 at 9; Shamberger v. Firstpoint Collection Serv., No. 1:12CV876, Docket Entry 1 at 1, 3; Thompson v. SCA Collections, No. 1:12CV955, Docket Entry 1 at 1, 3, Docket Entry 2-1 at 1, Docket Entry 4-1 at 1; Golden v. Absolute

Collection Servs., No. 1:12CV956, Docket Entry 1 at 3, Docket Entry 2 at 9, Docket Entry 2-1 at 1; Grant v. Absolute Collection Servs., No. 1:12CV958, Docket Entry 1 at 1, 3; Ferguson v. Absolute Collection Servs., No. 1:12CV1023, Docket Entry 1 at 1, 3, Docket Entry 2 at 9, Docket Entry 2-1 at 1; Golden v. NCO Fin. Sys., No. 1:12CV1097, Docket Entry 1 at 1, Docket Entry 2 at 9, Docket Entry 2-1 at 1; and James v. Firstpoint Collection Serv., No. 1:12CV1098, Docket Entry 1 at 3, Docket Entry 2-1 at 1.)

Given the foregoing circumstances and the signature requirement imposed by Federal Rule of Civil Procedure 11(a), the undersigned Magistrate Judge set this case for a hearing and placed 13 other similar cases on for hearings/status conferences on the same calendar. (See Docket Entry 4.) Plaintiff did not appear. (See Docket Entry dated Nov. 26, 2012.) Indeed, only one of the plaintiffs from the other similar cases noticed for proceedings on that date appeared and he denied preparing, signing, or filing any documents in his case (or authorizing anyone else to take such action), but did acknowledge that he had talked to someone he knew only as "Mussa" about improving his credit record. (See Grant, No. 1:12CV958, Docket Entry dated Nov. 26, 2012.)[1] The undersigned Magistrate Judge thereafter re-noticed this case for a hearing and that Notice expressly warned Plaintiff that "[f]ailure to appear for this proceeding may result in case dispositive sanctions."

---

[1] The Clerk maintains an audio-recording of these proceedings.

(Docket Entry 5 at 1.) Plaintiff again failed to appear. (See Docket Entry dated Sept. 30, 2013.)

DISCUSSION

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders. Fed. R. Civ. P. 41(b)." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). As documented in the Background section, Plaintiff twice has disobeyed the Court's Orders to appear for a hearing. These circumstances warrant dismissal under Federal Rule of Civil Procedure 41(b).

In making this recommendation, the undersigned Magistrate Judge recognizes that "dismissal is not a sanction to be invoked lightly." Id. Generally, before dismissing an action under Federal Rule of Civil Procedure 41(b), a court should consider: "(i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and (iv) the existence of a sanction less drastic than dismissal." Id. In this case, Plaintiff (or whoever filed this case in her name) bears sole responsibility for the instant non-compliance, the conduct (and inaction) at issue prejudiced Defendant by delaying the litigation unduly (and thus depriving Defendant of the opportunity to defend against this apparent sham

-4-

lawsuit while memories remained freshest and before risk of loss of pertinent documents grew), the record reflects a pattern of dilatory conduct by Plaintiff (or whoever filed this case in her name), and no other sanction appears feasible or sufficient.

As to that last point, the Court expressly warned Plaintiff that a failure to appear at the most recent hearing could result in dismissal of this action. "In view of th[at] warning, the [Court] ha[s] little alternative to dismissal. Any other course would have [the effect of] plac[ing] the credibility of the [C]ourt in doubt and invit[ing] abuse." Id.

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that this action be dismissed under Federal Rule of Civil Procedure 41(b).

                                           /s/ L. Patrick Auld
                                               **L. Patrick Auld**
                                  **United States Magistrate Judge**
September 30, 2013